■ In the Matter of JOSEPH J. SANTORA, Petitioner, v. JOSEPH D'ELIA, as Commissioner of the Department of Social Services of Nassau County, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination dated May 2, 1974, which found petitioner guilty of conduct prejudicial to the discipline, good order and efficiency of his employment as a Case Supervisor II in the Nassau County Department of Social Services and dismissed him from his position. Petition granted to the extent that the determination is modified, on the law, by reducing the penalty to a suspension, without pay, from May 2, 1974 to the date of entry of the order to be made hereon. As so modified, determination confirmed and petition otherwise dismissed, without costs. With the exception of a two-year period during which he was pursuing a master's degree in social work, petitioner was employed by the Department of Social Services since 1962. The record discloses that, during this period of employment, petitioner established an unblemished job-performance record. On May 2, 1974 he was dismissed from his position as a result of disciplinary proceedings in which, based in part on his admissions, he was found to have engaged in conducting a private counseling service utilizing county facilities and Social Services Department personnel during working hours. Under the facts of this case, the penalty of dismissal is so disproportionate to the misconduct committed as to be shocking to a sense of fundamental fairness (see Matter of Pell v. Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, 34 N Y 2d 222). After careful study and analysis of the Pell decision we have concluded that, in reviewing at least those administrative disciplinary determinations not involving "grave moral turpitude and grave injury to the agency involved or to the public weal" (id., p. 235), the power of this court to modify excessively harsh sanctions remains unimpaired. The instant case clearly presents just such a situation and is one in which the misconduct involved does not justify the severe penalty imposed. The record fails to demonstrate that petitioner's conducting of private business on county time, utilizing county facilities as well as the stenographic services of his secretary (employed by respondent as a Clerk/Steno I), was of such an extensive or repeated nature as to mandate dismissal as a punishment. Martuscello, Acting P. J., Latham, Benjamin, Munder and Shapiro, JJ., concur.